## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 17-70-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHRISTOPHER DOUGLAS (01) | MAGISTRATE JUDGE HORNSBY |

### ORDER

Before the Court is a motion to amend filed by the Defendant, Christopher Douglas [Record Document 73]. The Defendant has previously filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which the Government opposes. The Defendant now seeks to amend that motion to include a claim that was not originally raised. For the foregoing reasons, Defendant's motion to amend is **DENIED**.

Federal Rule of Civil Procedure 15 applies to federal habeas proceedings. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). "A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

The Defendant seeks to amend his motion to include a claim that his counsel failed to inform him that he could seek a writ of certiorari from the United States Supreme Court. *See* Record Document 73. The Defendant recently filed a motion on these same grounds with the United States Court of Appeals for the Fifth Circuit. In denying his motion, the Fifth Circuit noted the following:

Counsel's motion to withdraw stated that he had sent, through the United States postal service, a letter to Appellant advising him of procedures for seeking rehearing in the Fifth Circuit as well as procedures for filing a petition for writ of certiorari. A copy of such a letter, purporting to be to [*sic*] addressed to Appellant, was attached to the motion to withdraw. Absent evidence to the contrary, there is a presumption that the letter was delivered to Appellant.

*United States v. Douglas*, No. 20-30083 (5th Cir. July 17, 2024). It is for these same reasons that amending Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on the basis he has requested would be futile.

Accordingly, **IT IS ORDERED** that Defendant's motion to amend [Record Document 73] is **DENIED**.

    **THUS DONE AND SIGNED** this 30th day of July, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

2