# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-070 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHRISTOPHER L DOUGLAS (01) | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a *pro se* motion filed by Defendant Christopher L. Douglas ("Douglas") entitled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)."[1] Record Document 85. Douglas moves this Court to vacate and set aside its memorandum ruling [Record Document 77] denying and dismissing with prejudice his motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Notably, Douglas appealed this same ruling [Record Document 78], but his appeal was dismissed for want of prosecution [Record Document 84]. For the reasons set forth below, Douglas's motion for relief from judgment [Record Document 85] is **DENIED**.

Pursuant to Rule 12 of the Rules Governing § 2255 Proceedings for the United States District Courts, the Federal Rules of Civil Procedure are applicable to federal habeas practice. Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") allows a party to seek relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). "The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments . . . ." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th

---

[1] As will be discussed *infra*, the Court concludes this motion is properly analyzed under Federal Rule of Civil Procedure 60(b)(1) rather than Rule 60(b)(6).

Cir. 1981). The rule attempts to strike a balance between two conflicting goals: the finality of judgments and the command of the court to do justice. *See id.*

Douglas relies on Rule 60(b)(6) for relief, which provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015). Rule 60(b)(1), which provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), encompasses errors made by a court in its ruling. *See Fernandez*, 797 F.3d at 319. Because Douglas argues the Court committed legal error in its denial of his § 2255 motion, *see* Record Document 85, his request for relief "falls squarely within the 'mistake [or] inadvertence' prong of Rule 60(b)(1)." *Fernandez*, 797 F.3d at 319-20 (alteration in original). As a *pro se* party, Douglas's brief is entitled to liberal construction. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Therefore, the Court will construe his motion as a request for relief under Rule 60(b)(1).

Ultimately, the Court finds that Douglas's Rule 60(b) motion should be denied. To begin, the Fifth Circuit has "repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). "Courts should not grant relief when the moving party has not been diligent in protecting its own rights by filing an appeal from an adverse judgment." *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998). Indeed, "in all but the most exceptional

circumstances, a party's neglect to prosecute a [timely] appeal will bar relief under the rule." *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (alteration in original) (citing *Hoult v. Hoult*, 57 F.3d 1, 3 (1st Cir.1995)).

Here, both the timing and substance of Douglas's motion suggest he is attempting to get a second chance to appeal the Court's denial of his § 2255 motions. On February 27, 2025, the Court issued a memorandum ruling denying his § 2255 motions. *See* Record Document 77. On April 10, 2025, Douglas filed a notice of appeal. *See* Record Document 78. On September 29, 2025, the Fifth Circuit dismissed Douglas's appeal for want of prosecution. *See* Record Document 84. On December 9, 2025, Douglas filed the instant motion seeking relief. *See* Record Document 85. In that motion, Douglas challenges the Court's legal analysis in its final judgment. *See id.* These same arguments could have been raised on appeal. Douglas may not now use his Rule 60(b) motion to circumvent the appeal process and create another opportunity to challenge the merits of the Court's final judgment. Such a "procedural ploy cannot be allowed to succeed." *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1204 (5th Cir. 1993).

Because Douglas's Rule 60(b) motion improperly serves as a substitute for an appeal, it should be denied. *See Hall v. Stephens*, No. 10-CV-135, 2014 WL 12528022, at *6 (W.D. Tex. Feb. 21, 2014) ("Petitioner appears to be attempting to employ Rule 60(b) as a vehicle for obtaining a second appeal of this Court's adverse ruling on the merits . . . . Rule 60(b) does not permit such relief."); *US Bank, N.A. v. Parson*, No. 20-CV-2104, 2022 WL 227160, at *2 (N.D. Tex. Jan. 26, 2022) ("Parson also appealed the Judgment, but then failed to prosecute that appeal. The Judgment is valid and has not been reversed

3

or vacated. And Parson should not be permitted to use her Rule 60(b) motions as a substitute for an appeal she failed to prosecute.").

Alternatively, even if the Court were to consider the merits of Douglas's arguments, the Court would still conclude that his Rule 60(b) motion must be denied. Douglas identifies two legal errors allegedly committed by the Court. First, he argues the Court misapplied the cause and prejudice standard when finding his claim that the Court allegedly conducted a de novo resentencing was procedurally defaulted. *See* Record Document 85 at 2-4. Second, Douglas argues the Court erred in concluding that it did not conduct a de novo resentencing. *See id.* at 4-5. However, a review of the Court's final judgment plainly demonstrates it committed no error or mistake that would entitle Douglas to relief under Rule 60(b)(1).

The Court begins with Douglas's allegation that the Court erred when analyzing his de novo resentencing claim. Douglas argues the Court failed to recognize that his counsel's alleged ineffectiveness excused the procedural default. *See id.* at 4. He further argues the Court erred by not fully considering the merits of his ineffective assistance of counsel claim when conducting the cause analysis for procedural default. *See id.* at 3.

Douglas's argument is unavailing. In his § 2255 motions, Douglas articulated two discrete claims related to the allegedly de novo resentencing. *See* Record Document 64. One claim was premised on the Court's error in conducting the alleged de novo resentencing; the other claim was premised on his counsel's error in failing to object to that resentencing. *See id.* & Record Document 64-1. The Court addressed these claims

separately, ultimately finding the former procedurally barred and the latter meritless. *See* Record Document 77. The Court outlines those findings *infra*.

The Court first addressed Douglas's contention that the Court erred. In its opinion, the Court held that, because this claim was raised for the first time in his motion for collateral relief, it was barred unless Douglas could demonstrate cause for his failure to raise the claim in his appeal. *See id.* at 11. Douglas's § 2255 filings did not explicitly discuss procedural default in relation to that claim.[2] So, the Court went one step further and acknowledged that Douglas may have been attempting to argue that ineffective assistance of counsel constituted cause for procedural default. *See* Record Document 77 at 11. However, even making that assumption on his behalf, Douglas had still failed to connect any specific deficient performance to the failure to challenge the Court's allegedly de novo resentencing on appeal. Therefore, the Court concluded that Douglas had failed to establish cause excusing procedural default. *See id.*

In a footnote, the Court then alternatively considered whether Douglas had intended to argue that his other ineffective assistance of counsel claims constituted cause for the procedurally defaulted claim that the Court had allegedly erred. *See id.* at 11 n.5. But in the designated ineffective assistance of counsel section, the Court completed an exhaustive analysis of each of Douglas's ineffective assistance of counsel claims and had found them without merit. *See id.* at 11-15. Because those ineffective assistance of

---

[2] In the section entitled "The District Court Erred When it Conducted Douglas' Resentencing *De Novo*," Douglas did not discuss his counsel. Record Document 64-1 at 12-18. Douglas discussed procedural default in his reply, but he did not specifically challenge the Government's assertion that this claim was procedurally defaulted. *See* Record Document 69 at 3-4.

counsel claims were without merit, they could not constitute cause for Douglas's failure to challenge the Court's error on appeal. *See id.* at 11 n.5; *see also Williams v. Stephens*, No. 12-CV-926, 2014 WL 26503, at *6 (N.D. Tex. Jan. 2, 2014) ("A meritless ineffective assistance of counsel claim cannot serve as cause for a procedural default."); *Cotton v. Cockrell*, 343 F.3d 746, 755 (5th Cir. 2003) ("In the absence of ineffective assistance, Cotton cannot establish cause to excuse the procedural default . . . ."). Therefore, the Court held that Douglas's claim that the Court erred by allegedly resentencing him de novo was procedurally defaulted. *See* Record Document 77 at 11 & 11 n.5.

Douglas confuses the Court's analysis of whether ineffective assistance of counsel constituted procedural default with the Court's analysis of the merits of his ineffective assistance of counsel claim. Indeed, the Court alternatively found that Douglas's meritless ineffective assistance of counsel claims could not excuse the procedural default of his claim that the Court erred in allegedly conducting a de novo resentencing. While this analysis or the structure of the opinion may have been confusing for a *pro se* party, the Court did not err in its procedural default analysis. First, the Court considered whether the ineffective assistance of Douglas's counsel excused procedural default. The Court concluded that Douglas had not proffered a specific ineffective assistance of counsel argument for procedural default in relation to his claim that the Court erred. Therefore, that claim was procedurally defaulted. Second, the Court alternatively considered whether Douglas's proffered ineffective assistance of counsel claims (i.e., that his counsel failed to object to the alleged de novo resentencing and to the issuance of a consolidated presentence investigation report) excused procedural default. This footnote thus detailed

6

an alternative reason for this Court finding that Douglas's claim was procedurally defaulted. The Court did not conduct the merits analysis of those ineffective assistance of counsel claims in the procedural default discussion itself, but it did, in fact, consider the merits of those claims. Douglas may have preferred the Court to complete the merits analysis in the procedural default section rather than refer to it, but the Court's structure of its memorandum ruling is not a legal error or mistake entitling Douglas to Rule 60(b)(1) relief.

Douglas next argues the Court committed legal error because it found that it did not conduct a de novo resentencing. *See* Record Document 85 at 4-5. For all the reasons previously set forth in the Court's memorandum ruling, *see* Record Document 77 at 12-14, the Court again concludes that it did not conduct a de novo resentencing. Contrary to Douglas's allegation, his resentencing did not "contradict[] the very nature of a Fifth Circuit remand for resentencing . . . ." Record Document 85 at 4. Instead, the Court carefully considered the scope of the Fifth Circuit's mandate and resentenced Douglas in accordance with that mandate. The Court did not commit a legal error entitling Douglas to Rule 60(b)(1) relief.

In sum, because Douglas's motion is a substitute for an appeal and the Court did not commit legal error, Douglas has failed to demonstrate he is entitled to relief under Rule 60(b)(1).[3] Therefore, his motion [Record Document 85] must be **DENIED**.

---

[3] Out of an abundance of caution, the Court further finds that Douglas is not entitled to relief under Rule 60(b)(6). Rule 60(b)(6) relief is available "only in extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 112 (2017) (quotation marks omitted). Such extraordinary circumstances "will rarely occur in the habeas context." *Id.* at 112-113.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Douglas has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 22nd day of December, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

For the same reasons previously discussed, Douglas is not entitled to relief under Rule 60(b)(6). The timing and substance of Douglas's motion indicate that it is an improper substitute for an appeal. Douglas's "unhappiness with this Court[`s] . . . decision[] . . . [is] not the type of extraordinary circumstance[] contemplated by Rule 60(b)(6)." *Welsh v. Correct Care Recovery Sols.*, No. 18-CV-020, 2021 WL 12218624, at *2 (N.D. Tex. Apr. 15, 2021). "An appeal, not a Rule 60(b)(6) motion, is the appropriate vehicle to challenge a district court's judgment on the merits." *Bernal v. Davis*, No. 18-CV-074, 2018 WL 9815615, at *3 (W.D. Tex. Dec. 11, 2018). Finally, the Court did not commit legal error, so Douglas's articulated bases for relief are without merit.